J-S16026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIR CHAVOUS | : | |
| Appellant | : | No. 2574 EDA 2023 |

Appeal from the PCRA Order Entered September 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008084-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIR CHAVOUS | : | |
| Appellant | : | No. 2575 EDA 2023 |

Appeal from the PCRA Order Entered September 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002185-2020

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED JULY 22, 2024**

Jamir Chavous ("Chavous") appeals from the orders denying his first

petitions for relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] at

two separate dockets.  Additionally, Chavous' court-appointed counsel, John

Kravitz, Esquire ("Attorney Kravitz"), has filed a petition to withdraw from

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

representation and a brief styled pursuant to **Anders v. California**, 386 U.S. 738 (1967).[2]  We grant Attorney Kravitz's petition and affirm the PCRA court's orders.

Starting in October 2019, police orchestrated fifteen controlled buys of narcotics from Chavous.  Police arrested Chavous on December 5, 2019, and charged him at docket No. 8084-19 with seven counts of possession with intent to deliver ("PWID"), five counts of possession of a controlled substance, one count of possession of drug paraphernalia, two counts of criminal conspiracy, and four counts of criminal use of a communication facility.

On March 12, 2020, while on bail for the charges pending at No. 8084-19, Chavous was outside of a residence in Norristown that was being searched by police.  Police detained Chavous during the search and arrested him later that same day.  Police charged Chavous at No. 2185-20 with four counts of PWID, three counts of possession of a controlled substance, and seven counts of criminal conspiracy.

The trial court consolidated Chavous' cases and appointed counsel.  On January 24, 2022, with the assistance of Wana Saadzoi, Esquire ("plea counsel"), Chavous entered a negotiated guilty plea to one count of PWID at

---

[2] Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 550 A.2d 213 (Pa. Super. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "**Turner/Finley**").  Although **Anders** and **Turner/Finley** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw, there are also significant differences, as explained **infra**.  **See Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa. Super. 2007).

No. 8084-19, agreeing that on December 5, 2019, he possessed approximately eighty-eight grams of methamphetamine with the intent to deliver. **See** N.T., 1/24/22, at 11. On the same date, Chavous entered a negotiated *nolo contendere* plea to one count of PWID at No. 2185-20, agreeing that the Commonwealth could have established at trial that on March 12, 2020, at a residence in Norristown, he had access to and control of more than forty-nine grams of a fentanyl mixture as well as packaging materials, scales, and other indicia of drug sales. **Id**. at 11-12. In exchange for his pleas, the Commonwealth recommended a sentence of five to ten years in prison for each offense, and that the sentences run consecutively. The trial court accepted the pleas and sentenced Chavous in accordance with the Commonwealth's recommendation. The remaining charges at both dockets were *nolle prossed*. Chavous did not file a post-sentence motion or a direct appeal at either docket.

On January 25, 2023, Chavous filed a timely *pro se* PCRA petition at No. 8084-19, and on January 30, 2023, he filed a timely PCRA petition at No. 2185-20.[3] In each of his *pro se* petitions, Chavous asserted multiple claims of plea counsel's ineffectiveness. The PCRA court appointed Attorney Kravitz

_____

[3] Chavous' judgments of sentence became final on February 23, 2022, when his time to file direct appeals to this Court expired. **See** Pa.R.A.P. 903(a). Chavous had until February 23, 2023, to file timely PCRA petitions, as a PCRA petition must be filed within one year after the judgment of sentence becomes final. **See** 42 Pa.C.S.A § 9545(b)(1). Here, as both of Chavous' petitions were filed in January 2023, they were timely filed.

who filed an amended PCRA petition at each docket.[4] In the amended petitions, Attorney Kravitz concluded that the ineffectiveness claims raised in Chavous' *pro se* petitions lacked merit. Instead, in the amended petitions, Attorney Kravitz raised an issue regarding whether Chavous' pleas were entered knowingly, intelligently, and voluntarily because the plea hearing transcript indicated that, when asked if he needed more time to consult with plea counsel, Chavous responded "yes," but no additional time was provided.

The PCRA court conducted an evidentiary hearing at which Chavous and Robin Hansell, the court reporter from the plea hearing, testified. Chavous stated that, at the plea hearing, he indicated that he wished to discuss the plea agreement further with plea counsel. *See* N.T., 9/14/23, at 5-6. Specifically, Chavous testified that he recalled saying "yes" when asked "Do you need any more time to discuss this case [with plea counsel]?" *Id*. at 5-8. Hansell testified that there was an audio recording of the plea hearing as well as the transcript. *Id*. at 10-11. The audio recording was played at the hearing and clearly reflected that Chavous had, in fact, answered "no" to the question, despite the notation in the transcript that he said "yes." *Id*. at 17. The PCRA court observed that, in the written colloquies, Chavous had also indicated that he had sufficient time to consult with plea counsel before entering his pleas. *Id*. at 18. No further issues were raised or argued at the

_____

[4] The amended petitions were identical except for the inclusion of an additional paragraph in the amended petition filed at No. 2185-20 regarding the fact than a *nolo contendere* plea has the same effect as a guilty plea. *See* Amended Petition, 4/24/23, at 2.

evidentiary hearing. At the conclusion of the hearing, the PCRA court denied Chavous' PCRA petitions. *Id*. at 21.

Chavous filed a timely notice of appeal at each docket.[5] This Court consolidated the appeals *sua sponte*. The PCRA court did not issue a Pa.R.A.P. 1925(b) order; therefore, Chavous did not file a concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion in which it addressed the basis for its denial of both petitions. In this Court, Attorney Kravitz filed a petition to withdraw from representation and an accompanying brief styled pursuant to *Anders*.

At the outset of our review, we note that this case does not implicate *Anders*. As explained above, *Anders* applies to direct appeals whereas *Turner*/*Finley* applies to PCRA cases. This Court has explained the differences between the requirements imposed by *Anders* and *Turner*/*Finley*, as follows:

> *Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner*/*Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, *Anders* counsel must not argue against the client's interests while *Turner*/*Finley* counsel must do so, articulating why the client's claims have no merit.

---

[5] Attorney Kravitz filed timely notices of appeal at each docket on September 20, 2023. Chavous then filed *pro se* notices of appeal at each docket on October 19, 2023. The *pro se* notices of appeal were facially untimely as the orders denying Chavous' PCRA petitions were entered on September 14, 2023. *See* Pa.R.A.P. 903(a). Additionally, as Attorney Kravitz had already filed a timely notice of appeal in each case, the *pro se* notices of appeal were deemed duplicative.

> The heightened protection afforded to **Anders** appellants as compared to **Turner**/**Finley** petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

**Wrecks**, 931 A.2d at 722 (citations omitted).

Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief *in lieu* of a **Turner/Finley** "no merit" letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, prior to addressing the merits of the issues raised for our review, we must assess whether counsel's filings satisfy the technical requirements of **Turner**/**Finley**. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009), *overruled on other grounds by* **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (abandoning **Pitts**'s approach as the sole procedure for challenging PCRA counsel's effectiveness). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of [counsel's] review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, counsel must also send a copy of the "no-merit" letter to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. *See Wrecks*, 931 A.2d at 721. Substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003). If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. *See Muzzy*, 141 A.3d at 511.

Our review discloses that Attorney Kravitz has substantially complied with the above requirements. In the *Anders* brief, Attorney Kravitz detailed the nature and extent of his review of the two cases, listed the issues that Chavous wished to have reviewed as well as other potential issues detected by counsel, and explained counsel's reasoning for concluding that each of the issues are meritless. *See Anders* Brief at 17-29. Attorney Kravitz has provided this Court with a copy of a letter dated December 1, 2023, that he sent to Chavous informing him of his belief that the appeal was frivolous. *See*

- 7 -

Letter, 12/1/23, at unnumbered 1. Attorney Kravitz also advised Chavous of his rights to retain replacement counsel or proceed *pro se*. **Id**. at unnumbered 2. The letter indicated that a copy of the petition to withdraw and a copy of the **Anders** brief were enclosed with the letter. **Id**. at unnumbered 2-3. Thus, we conclude that Attorney Kravitz has substantially complied with the requirements necessary to withdraw as counsel. **See Karanicolas**, 836 A.2d at 947.

In response to Attorney Kravitz's filings, Chavous filed a motion to proceed *pro se* in this Court, requested permission to file a *pro se* brief, and filed a *pro se* response to Attorney Kravitz's petition to withdraw as counsel and **Anders** brief. This Court issued an order dismissing as moot Chavous' request to file a *pro se* brief, given that he had already filed his *pro se* response to the petition to withdraw and **Anders** brief. In his *pro se* filings, Chavous claimed that Attorney Kravitz provided ineffective assistance of counsel by failing to adequately evaluate the record in each of his cases, noting some discrepancies between the facts to which he pleaded and facts appearing in discovery documents provided by the Commonwealth after his pleas had been entered.

We now independently review the claims raised in the **Anders** brief to ascertain whether they entitle Chavous to relief. In the **Anders** brief, Attorney Kravitz identified the following issues for our review:

    I.     [Chavous] avers that his plea[s were] not knowing[,] intelligent[,] and voluntary, because he answered in the

affirmative when asked if he needed more time to discuss his plea[s] with [plea] counsel.

II.     If [Chavous] was not given discovery until the day of the plea[s,] it is not sufficient grounds to withdraw a plea, if the circumstances surrounding the entry of the plea disclose the defendant had a full understanding of the nature and consequences of his plea and he knowingly and voluntarily decided to enter the plea.

III.    [A] written colloquy was filled out for both the plea of guilty and the plea of *nolo contendere*. There was no distinction made . . . between the two types of pleas.

**Anders** Brief at 18, 24, 25-26 (quotation marks omitted, numerals added).[6]

Our standard of review of an order denying a PCRA petition is well-settled:

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[6] We note with disapproval that in the **Anders** brief, Attorney Kravitz did not include a statement of the questions involved, as required by Pa.R.A.P. 2116(a). Although Rule 2116(a) expressly provides that "[n]o question will be considered unless it is stated in the statement of questions involved," we decline to find waiver on the basis of this deficiency. **See Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** requires that we examine the issues presented despite procedural defects).

The first issue identified in the **Anders** brief concerns whether Chavous' pleas were entered knowingly, intelligently, and voluntarily based on his stated desire to confer further with plea counsel. The premise of Chavous' claim is that the plea transcript indicates that he said "yes" when asked if he needed more time to confer with plea counsel regarding his pleas. However, Attorney Kravitz explained that the testimony and audio recording presented at the evidentiary hearing clarified that the issue is meritless because Chavous responded "no" when asked at the plea hearing "Do you need any more time to discuss this case with [plea counsel] . . ." **See Anders** Brief at 19 (*quoting* N.T., 1/24/22, at 7-8). Attorney Kravitz further explained that the record reflects that Chavous was provided with adequate time to consult with plea counsel and was advised thoroughly regarding his rights and the nature of the charges against him. **See Anders** Brief at 19-22 (citing N.T., 1/24/22, at 7-8, 11-12). In Attorney Kravitz's estimation, the plea hearing transcript reflects that Chavous' pleas of guilty and *nolo contendere* were entered knowingly, intelligently, and voluntarily, rendering this issue meritless.

The PCRA court considered Chavous' first issue and determined that it lacked merit. The court reasoned:

> . . . [B]oth the audio recording of the plea hearing and [Chavous'] written colloquy[ies] clearly indicate that [Chavous] answered in the negative to the query whether he needed more time to discuss the cases with [plea] counsel before entering the pleas. Moreover, as this court noted at the time of the PCRA hearing, "my immediate reaction had [Chavous] answered 'yes' to that question that he needed more time to speak to [plea

- 10 -

counsel], would have been to stop the proceeding at that point" to afford [Chavous] more time to speak with [plea counsel].

Finally, knowing and respecting both the Commonwealth's attorney and [plea] counsel, at the time of the pleas, they would not have proceeded in the face of [Chavous] saying that he needed more time to confer with [plea] counsel had he indeed said that, which was in actuality not what he had said. His testimony to the contrary at the PCRA hearing is just not credible. Therefore, there is no merit to [Chavous'] claim that his pleas were not entered in a knowing, intelligent, and voluntary manner.

PCRA Court Opinion, 11/15/23, at 8 (unnecessary capitalization and citations omitted).

Viewing the record in the light most favorable to the Commonwealth, we conclude that the PCRA court's determination is supported by the record and free from legal error. The record reflects that Chavous' "yes" response in the plea hearing transcript when asked if he needed more time to speak to plea counsel was, indeed, a typographical error. The evidence at the evidentiary hearing confirmed that Chavous actually said "no" when asked whether he needed more time to consult with plea counsel. Accordingly, based on our independent review, we conclude that the first issue raised in the **Anders** brief is meritless.

The second issue raised by Attorney Kravitz in the **Anders** brief concerns the fact that Chavous was not shown certain discovery in his cases until after he had entered his pleas. Attorney Kravitz determined that the issue was meritless because, following both the oral and written colloquies, "the facts of the cases were read to [Chavous] in open court, and after hearing

- 11 -

those facts, he pled guilty and *nolo contendere* to them[.]" **Anders** Brief at 25. Attorney Kravitz concluded that Chavous' entry of his negotiated pleas was "a clear indication that his allegation that he did not receive discovery did not prevent him from making . . . knowing, intelligent, and voluntary plea[s]." **Id**.

Initially, we consider whether this issue was adequately raised in the amended petitions so as to provide the PCRA court with an opportunity to address it. Our review of the amended petitions discloses that the topic of discovery was raised only peripherally, and only in connection with the ineffectiveness claims raised in Chavous' *pro se* PCRA petitions that Attorney Kravitz had deemed meritless. To be sure, the issue of discovery was not raised at the evidentiary hearing, nor addressed by the PCRA court in its Rule 1925(a) opinion. Thus, we question whether it was preserved for our review. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); **see also Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (providing that issues not raised in the PCRA petition cannot be raised for the first time on appeal).

Nevertheless, even if preserved, we conclude that there is no merit to this claim. The plea hearing transcript reflects that Chavous made knowing, intelligent, and voluntary pleas to specific facts which would have supported his convictions had the cases proceed to trial. When the record reflects that

a colloquy was conducted, evincing the defendant's understanding of the nature of the charges, he is bound by the statements he makes during that colloquy. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (holding that a defendant is bound by statements made in plea colloquy and may not assert grounds for withdrawing the plea that contradict those statements). By entering the pleas, Chavous agreed to the details of the crimes as stated by the Commonwealth. *See Commonwealth v. Morrison*, 878 A.2d 102, 106 (Pa. Super. 2005) (holding that the defendant's acknowledgement of the facts outlined by the Commonwealth as constituting the charges is a necessary implication of a plea). Any lack of knowledge of discovery at the time of the plea hearing does not negate the specific facts to which Chavous plead. While the PCRA court did not independently address this issue, as it was not argued at the evidentiary hearing, we may affirm the PCRA court's ruling on any basis. *See Ford*, 44 A.3d at 1194. Therefore, we conclude that the second issue raised in the *Anders* brief is meritless.

The third issue raised by Attorney Kravitz in the *Anders* brief concerns the fact that, although Chavous agreed to enter a plea of *nolo contendere* at No. 2185-20, the written colloquy provided to him used guilty plea terminology and did not differentiate between the two types of pleas. Initially, we must determine whether the issue was preserved for our review. *See* Pa.R.A.P. 302(a). The record discloses that this issue was not raised in the amended petitions, or at any time in the PCRA court. Instead, it was raised

- 13 -

for the first time on appeal in the **Anders** brief. As explained above, issues not raised in a PCRA petition cannot be considered on appeal. **See Ousley**, 21 A.3d at 1242. Accordingly, as this issue was not presented to the PCRA court in the amended petition, we may not consider it.

Finally, we address Chavous' claims in his *pro se* filings in this Court regarding Attorney Kravitz's alleged ineffectiveness. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). Chavous claims that Attorney Kravitz was ineffective because he failed to appreciate minor discrepancies in the records.[7]

Our Supreme Court has explained:

> In some instances, the record the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. [T]o advance a request for remand, a petition would be required to provide more than mere 'boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are 'material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

---

[7] For example, Chavous points out that, whereas the police report at No. 8084-19 indicates an address at "1821 North Hills Drive," the address was incorrectly stated to be "1826" at the plea hearing. *Pro Se* Response, 2/12/24, at unnumbered 1. Chavous additionally points out that, whereas a detective indicated in the police report that he attached a warrant to the report, the attachment was instead a consent form giving permission to search the premises. **See id**.

- 14 -

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022) (citations omitted).

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, to prove that counsel was ineffective, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.
>
> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (some citations and quotation marks omitted). The failure to satisfy any one prong of the ineffectiveness test is fatal to a petitioner's claim. *See Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

In his *pro se* response to Attorney Kravitz's petition to withdraw and **Anders** brief, Chavous has made no effort to identify, let alone plead and prove the three prongs of the performance and prejudice test in relation to his claim of Attorney Kravitz's ineffectiveness. Thus, as Chavous failed to develop his assertions of PCRA counsel's ineffectiveness beyond bald allegations, we conclude that he failed to plead a sufficient claim of PCRA counsel's ineffectiveness, and furthermore failed to show that a remand is necessary for further review of such undeveloped ineffectiveness claims. **See Bradley**, 261 A.3d at 402; **see also Parrish**, 273 A.3d at 1004 n.11.

Having found no merit to Chavous' issues, we grant counsel's petition to withdraw and affirm the PCRA court's orders denying Chavous' petitions.

Petition to withdraw granted. Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024